

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 28, 1961

Honorable W. G. Walley, Jr.
Acting Criminal District
  Attorney
Beaumont, Texas

Opinion No. WW-1155

Re: Whether a partition deed
should be recorded by the
county clerk, when such
deed has attached thereto
a plat which has not been
approved according to the
requirements set forth in
Article 6626, Vernon's
Civil Statutes.

ATTENTION: James M. Farris

Dear Sir:

    Your recent request for opinion from this office
may be stated as follows:

    "May a partition deed be recorded by a
County Clerk when such deed has attached
thereto a map or plat which has not been
approved according to requirements set forth
in Article 6626 of Vernon's Civil Statutes?"

    From your request and information furnished, it
appears that a voluntary partition deed between co-tenants
of land not within five miles of an incorporated city has
been presented to the County Clerk with an accompanying map
or plat.

    Article 6626 of Vernon's Civil Statutes provides
as follows:

    "The following instruments of writing
which shall have been acknowledged or proved
according to law, are authorized to be re-
corded, viz.: all deeds, mortgages, convey-
ances, deeds of trust, bonds for title,
covenants, defeasances or other instruments
of writing concerning any lands or tenements,
or goods and chattels, or moveable property
of any description; provided, however, that
in cases of subdivision or re-subdivision of
real property no map or plat of any such

subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of the partition or other subdivision through a court of record; provided that where the real estate is situated within the corporate limits or within five miles of the corporate limits of any incorporated city or town, the governing body there of or the city planning commission, as the case may be, as provided in Article 974a, Vernon's Texas Civil Statutes, shall perform the duties hereinabove imposed upon the Commissioners Court." (Emphasis added)

The recited facts take this partition deed out of the requirements of authorization by the Commissioner's Court. We quote from Attorney General's Opinion No. O-5150 (1943) written by then Assistant Attorney General Ocie Speer as follows:

"When these statutes /Articles 6626 and 974a, V.C.S./ are considered together as they should be--related as they are--it is our conclusion that partition deeds executed by cotenants for the purpose of effecting a partition of land does not come within their meaning. Whether the partition deed is or is not executed by including in the instrument a map, plat or delineation whatsoever of the land thus partitioned, will not change our holding.

"The obvious purpose of the statutes was to regulate the common practice of laying out subdivisions or additions of suburban lands so as to bring about a conflict with the planning, platting and delineation of the streets, alleys, parks, lots and the like of the city to which such subdivision or addition is adjacent. Such a matter involves a public interest, whereas a mere partitioning of lands between or among cotenants involves solely a matter of personal right and not of public concern."

You are advised that the partition deed and map or plat may be filed for record.

# S U M M A R Y

A voluntary partition deed between co-tenants with accompanying map or plat may be recorded by the County Clerk, since such partition deeds need not comply with the requirements as set forth in Article 6626, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
Assistant

FDW:lgh/ds


APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Richard Wells
Virgil Pulliam
J. C. Davis
I. Raymond Williams, Jr.
REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.